**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doris Ann Warcola, | No. CV-13-08264-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| John Halikowski, | |
| Defendant. | |

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6). Doc. 5. The motion has been fully briefed. Docs. 9, 10. Neither party has requested oral argument. For the reasons stated below, the Court will grant the motion.

**I.     Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

1  (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the
2  court to infer more than the mere possibility of misconduct, the complaint has alleged –
3  but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed.
4  R. Civ. P. 8(a)(2)).  Dismissal is appropriate where the complaint lacks a cognizable legal
5  theory, lacks sufficient facts alleged under a cognizable legal theory, or contains
6  allegations disclosing some absolute defense or bar to recovery.  *See Balistreri v.*
7  *Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119
8  F.3d 778, 783, n. 1 (9th Cir.1997).

9  **II.   Analysis.**
10      **A.   Plaintiff's Complaint.**
11      Plaintiff's handwritten complaint asserts that the Arizona Department of
12  Transportation ("ADOT") is taking her property, located at 1080 White Spur Rd. in
13  Prescott, Arizona, for a road project on Route 89 in Prescott, leaving her no space for
14  parking her vehicles and "rendering [her] property unliveable and unsellable."  Doc. 1 at
15  2.  Plaintiff alleges that she is concerned for her personal safety in light of a proposed
16  "new right-away [sic] so close to [her] property."  *Id*.  Attached to the complaint are a
17  series of photographs of Plaintiff's property and the road construction taking place near
18  it.  Plaintiff also filed a motion to "cease and desist ADOT's Route #89 Road Project,"
19  demanding that ADOT "stop the taking of my property, causing me no parking, until it's
20  been settled by the court."  Doc. 2 at 1-2.  The complaint demands that Defendants
21  "Leave 1080 White Spar Road property alone or buy me out."  Doc. 1 at 1.

22      The complaint contains virtually no facts and no plausible claim for relief.  Other
23  than stating "Complaint, Inverse Condemnation," the complaint fails to state the legal
24  nature of Plaintiff's claims or the basis for this Court's jurisdiction.

25      **B.   Motion to Dismiss.**
26      ADOT argues that this case should be dismissed because Ms. Warcola has not
27  exhausted all available state remedies, has failed to comply with A.R.S. § 12-821, and is
28  attempting to litigate an issue that has already been determined by a state court.  Doc. 5 at

1. Defendants claim that "there is existing Arizona law that provides a cause of action in inverse condemnation," but that Plaintiff has failed to utilize it and that, therefore, her action in federal court must be dismissed.

Plaintiff has not cited 42 U.S.C § 1983 or the Takings Clause of the U.S. Constitution as the basis for her claim, but the complaint fails as a matter of law even if the Court construes it as asserting such claims.  A violation of the Takings Clause does not occur until just compensation has been denied, and Plaintiff must use available state procedures to seek such compensation before bringing a § 1983 takings claim in federal court.  *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993).  In Arizona, "the legislature, pursuant to its grant of authority under Ariz. Const. art. 2, § 17, has provided statutory remedies for acts of eminent domain, *see* A.R.S. § 9–518, and inverse condemnation, *see* A.R.S. § 11–972 and A.R. S. § 12–1111 *et seq."  City of Phoenix v. Superior Court In and For Cnty. of Maricopa*, 762 P.2d 128, 132 (Ariz. Ct. App.1988).  For inverse condemnation actions, A.R.S. § 12-1124 provides the remedy of compensation and money damages.  *Id.*  Because Arizona law provides an adequate remedy for takings, Plaintiff must pursue that claim before asserting a taking claim under the Fifth Amendment.  *See Austin v. City and Cnty. of Honolulu*, 840 F.2d 678, 682 (9th Cir. 1988).  The proper disposition for an unripe federal takings claim is dismissal without prejudice.  *See Macri v. King County*, 126 F.3d 1125, 1129 (9th Cir. 1997).

**C.     Motion to Cease and Desist.**

Plaintiff asks the Court to order ADOT to stop its road project on Highway 89 and to stop the "taking" of her property until this case has been resolved.  Doc. 2.  Defendant argues that this request is without merit because it is a state court issue that has already been decided.  Doc. 5 at 3.  Specifically, Defendants assert that their request for immediate possession was the subject of a hearing before the Arizona Superior Court of Yavapai County on October 8, 2012, in which an Order for Immediate Possession was granted to the condemning agency.  Doc. 5 at 4.

Arizona law allows the taking of private property for a public use.  A.R.S. § 12-

1111 *et seq*. A road, street, or alley "for the benefit of a county, city, town or village" is considered an acceptable use under Arizona law. *Id*. at § 12-1111(6); *see also Oury v. Goodwin*, 26 P. 376, 378 (Ariz. 1891). Upon filing a complaint under § 12-1111 *et seq.*, "plaintiff may apply to the court for an order permitting the plaintiff to take possession of and use the property sought to be condemned." A.R.S. § 12-1116. This statute allows the agency condemning the property to take immediate possession of the condemned property. *Desert Waters, Inc. v. Superior Court In & For Pima Cnty*., 370 P.2d 652 (Ariz. 1962) (finding the immediate possession statute constitutional). Defendants assert that the unresolved issue of just compensation for Plaintiff is currently pending in that condemnation proceeding. Doc. 10 at 3.

Given the pendency of the state condemnation action, and Plaintiff's failure to articulate any grounds upon which the Court could issue injunctive relief in this matter, Plaintiff's request to order ADOT to cease and desist is denied.

**III.    Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). The deficiencies in Plaintiff's complaint cannot be cured by amendment given the pendency of the state condemnation action.

**IT IS ORDERED:**

1.    Defendant's motion to dismiss (Doc. 5) is **granted**.

2.    Plaintiff's motion to order ADOT to cease and desist is **denied**.

3.    The Rule 16 Case Management Conference set for August 30, 2014 at 4:00 p.m. is **vacated**.

Dated this 30th day of January, 2014.

_____
David G. Campbell
United States District Judge